

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| MADGIA AMES, *individually and on behalf behalf of the Estate of Florence Thais Ames Goddard*, GERRY LIONALAMES, *individually*, and ALETHEA DIANE AMES-BROOKS, *as Guardian of A.M.G.*, <br>               Plaintiffs, <br><br> vs. <br><br> PRISMA HEALTH, PRISMA HEALTH BAPTIST HOSPITAL, *f/k/a Palmetto Baptist Health*, PRISMA HEALTH MIDLANDS NETWORK, LLC, JOSEPH CAMPBELL, MD, JOHN DOE DEFENDANTS 1-5, and JANE DOE DEFENDANTS 1-5, <br>               Defendants. | CIVIL ACTION NO. 3:20-03594-MGL |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION,
GRANTING DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM,
AND GRANTING DEFENDANTS' MOTION TO REMAND**

### I.   INTRODUCTION

Plaintiffs Madgia Ames (Ames), individually and on behalf of the Estate of Florence Thais Ames Goddard (Decedent), Gerry Lional Ames, individually, and Alethea Diane Ames-Brooks, as Guardian of A.M.G. (collectively, Plaintiffs), filed this lawsuit in the Richland County Court of Common Pleas. The lawsuit alleges a federal claim under 42 U.S.C. § 2000d and 45 C.F.R. Part 80, and state negligence/medical malpractice and survival claims against

Defendants Prisma Health, Prisma Health Baptist Hospital, f/k/a Palmetto Baptist Hospital, Prisma Health Midlands Network, LLC, Joseph Campbell, MD, John Doe Defendants 1-5, and Jane Doe Defendants 1-5 (collectively, Defendants).

Defendants subsequently removed the case to this Court. The Court has federal question jurisdiction over any federal claim under 28 U.S.C. § 1331 and supplemental jurisdiction over the state claims in accordance with 28 U.S.C. § 1367.

Pending before the Court are Defendants' (1) motion to dismiss the 42 U.S.C. § 2000d and 45 C.F.R. Part 80 claim for lack of subject matter jurisdiction, (2) motion to dismiss for failure to state a claim and (3) motion to remand. Having carefully considered the motions, the response, the reply, the record, and the applicable law, the Court will deny the motion to dismiss for lack of subject matter jurisdiction and grant the motions to dismiss for failure to state a claim and to remand.

**II.    FACTUAL AND PROCEDURAL HISTORY**

"Decedent . . . was African American and . . . Ames[ ] is the duly appointed Special Administrator for the Estate of [Decedent]." Complaint ¶ 1. "Gerry Lional Ames is the adult child of Decedent." *Id*. ¶ 2. And, "Alethea Diane Ames-Brooks [is the] Guardian of Alyssa M. Goddard, the minor child of Decedent." *Id*. ¶ 3.

"At approximately 10:29 a.m.[ ] on December 15, 2016, . . . Decedent presented to the Emergency Room at Palmetto Health Baptist with complaints of headache, fever, sore throat and an eye issue." *Id*. ¶ 32. "Decedent underwent [a] CT Scan, blood cultures and other tests on December 15, 2016." *Id*. ¶ 33.

"Dr. Campbell was the attending, admitting and discharge physician." *Id*. ¶ 34. "Dr. Campbell indicated he was going to treat . . . Decedent with Augmentin and Percocet on an outpatient basis and transfer her to Palmetto Health Richland for [an] ophthalmology consult." *Id*. ¶ 35. "At approximately 4:29 [PM,] with fever of at least 102 [degrees], Dr. Campbell discharged . . . Decedent with prescriptions for colchicine (a gout medication), fluconazole and Percocet." *Id*. ¶ 36.

"Decedent went to Palmetto Richland for the eye consult that day, picked up her prescriptions from the pharmacy, went home and took her prescriptions." *Id*. ¶ 37. "Several hours later, . . . Decedent woke up with intense pain, fever of close to 105 [degrees] and a diffuse red rash." *Id*. ¶ 38.

"Decedent returned to Palmetto Health Baptist the morning of December 16, 2016, where she was treated for Sepsis and Stephens Johnson Syndrome and emergently transported to the August[a] Burn Center on December 17, 2019." *Id*. ¶ 39. "Prior to transport, [the] infectious disease [department] was consulted for the rash." *Id*. ¶ 40.

"Several treating physicians noted the wrong prescriptions being ordered and filled." *Id*. ¶ 41. "Colchicine and [f]luconazole can be a deadly mixture for a patient." *Id*. ¶ 42.

"Decedent spent [seventy-five] days at the Augusta Burn Center where she was diagnosed with and treated for Sepsis, Renal Failure, Toxic Epidermal Necrolysis, Acute Deep Vein Thrombosis in the jugular, subclavian, axillary and other veins, Antiphospholipid Antibody Syndrome and multi-organ system failure." *Id*. ¶ 43. She "was mechanically ventilated and received tracheotomy and [an inferior vena cava] filter. She underwent numerous procedures." *Id*. ¶ 44.

"Decedent was discharged from the Augusta Burn Center to a long term assisted adult care facility." *Id*. ¶ 45.  She "subsequently passed away from perceived unrelated causes." *Id*. ¶ 46.

"Two dependent children survive . . . Decedent, one minor and one adult child [who receives Social Security disability income]." *Id*. ¶ 47.

"At all relevant times, . . . Defendants owed . . . Decedent a duty of reasonable care and safety, including the ability to treat . . . Decedent without bias regarding her insurance coverage or race." *Id*. 28.  "Defendants [also] owed . . . Decedent a duty of reasonable care and treatment to ensure that the patient's care and treatment was not biased on account of . . . Decedent's race or insurance coverage or lack thereof and to ensure that any such bias did not lead to the lack of proper and necessary life-saving medical treatment." *Id*. 29.

After Defendants filed its motions to dismiss and to remand, the parties filed a stipulation of dismissal that effectively dismissed all claims Plaintiffs have against Defendants, except the ones Ames has against Defendants on behalf of Decedent.  Thus, for purposes of this Order, the Court will refer only to Ames's claims, not Plaintiffs' claims collectively.

Ames subsequently filed her response in opposition to Defendants' motions to dismiss, after which Defendants filed their reply in support of their motion.  The Court, having been fully briefed on the relevant issues, is prepared to adjudicate Defendants' motions.

**III.    MOTION TO DISMISS FOR LACK OF JURISDICTION**

   *A.    Standard of Review*

"A motion to dismiss an action under Rule 12(b)(1) . . . raises the fundamental question whether the federal district court has subject matter jurisdiction over the action before it."  5B Charles Alan Wright & Arthur B. Miller, Federal Practice and Procedure § 1350, at 61 (3d ed. 2004).  "Federal courts are courts of limited subject matter jurisdiction, and as such there is no

presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Fredrick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999).

Unless a matter involves an area of a federal court's exclusive jurisdiction, a plaintiff may bring suit in federal court only if the matter involves a federal question arising "under the Constitution, laws or treatises of the United States," 28 U.S.C. § 1331, or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states," 28 U.S.C. § 1332(a)(1).

The Fourth Circuit has "recognized that a defendant may challenge subject matter jurisdiction in one of two ways.  First, the defendant may contend that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Kerns v. United States.*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted) (internal quotation marks omitted).

"When a defendant makes a facial challenge to subject matter jurisdiction, the plaintiff, in effect, is afforded the same procedural protection as [she] would receive under a Rule 12(b)(6) consideration." *Id*. "In that situation, the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id*.

"In the alternative, the defendant can contend . . . the jurisdictional allegations of the complaint are not true." *Id*. (citation omitted) (internal quotation marks omitted) (internal alteration marks omitted).  "The plaintiff in this latter situation is afforded less procedural protection: If the defendant challenges the factual predicate of subject matter jurisdiction, a trial court may then go beyond the allegations of the complaint and[,] in an evidentiary hearing[,] determine if there are facts to support the jurisdictional allegations, without converting the motion to a summary judgment proceeding." *Id*. (emphasis omitted) (internal alteration marks omitted).

When there is a factual challenge, "the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Id*.

### B.  *Discussion and Analysis*

Here, the Court is confronted with a facial challenge to its subject matter jurisdiction such that "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction."  *Id*.  With a facial challenge, "[t]he district court should grant the Rule 12(b)(1) motion to dismiss only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  *Evans v. B.F. Perkins Co., a Div. of Standex Intern. Corp*., 166 F.3d 642, 647 (4th Cir. 1999).

According to Defendants, the Court lacks jurisdiction over Ames's 42 U.S.C. § 2000d and 45 C.F.R. Part 80 claim.  Section 2000d provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  *Id*.  "The purpose of [45 C.F.R. Part 80] is to effectuate the provisions of [Section 2000d]."  45 C.F.R. Part 80.1.  Ames maintains, however, that the Court has subject matter jurisdiction over her federal claim.

Defendants rely heavily on *Sumpter v. Harper*, 683 F.2d 106 (4th Cir. 1982), for their proposition this Court lacks federal-question jurisdiction over this claim.  In *Sumpter*, in addition to claims of medical malpractice, the "plaintiff asserted that [the defendant medical provider] maintained segregated waiting rooms and otherwise treated blacks discriminatorily.  Specifically, his allegedly outrageous conduct towards [the plaintiff] was said to be a product of racial animus.  Charging that [the defendant medical provider] . . . received Federal

6

Medicare-Medicaid funds, plaintiff sought to establish causes of action [under, among other statutes] . . . 2000d." *Id*. at 107 (footnote omitted).

In affirming the district court's dismissal of the plaintiff's action, the *Sumpter* court stated that "Congress did not intend Title VI to establish a broad right of action for persons, who are aggrieved by the failure of some Federal program, to seek redress in the Federal courts." *Id*. at 108-09. "For those deficiencies, resort simply must be had to some other Federal legislation authorizing private enforcement or the general statutory and common law of the States." *Id*. at 109.

Although Section 2000d "might allow this plaintiff to seek to enjoin [the defendant medical provider] from discriminating against her in the provision of medical care under Medicare or Medicaid, it clearly affords her no right to seek redress for injuries sustained on account of allegedly negligent or reckless treatment by the defendant [medical provider]." *Id*. Accordingly, the *Sumpter* court held that a "plaintiff, complaining of little more than medical malpractice, lacks standing to prosecute this claim under § 2000d, in an effort to recover money damages." *Id*. (footnote omitted).

As the Court will more fully detail below, Ames made similar discrimination allegations in the complaint concerning the 42 U.S.C. § 2000d and 45 C.F.R. Part 80 claim. But, as the Court sees it, the dispositive difference between the *Sumpter* case and this one is the issue of equitable relief.

As the Court already noted, although the *Sumpter* court held the plaintiff was unable to obtain money damages under her Section 2000d claim, it stated Section 2000d "might allow [the] plaintiff to seek to enjoin [the defendant medical provider] from discriminating against her in the provision of medical care under Medicare or Medicaid[.]" *Id*.

Here, Ames seeks equitable relief in her complaint. *See* Complaint at 13 (Ames "pray[s] for . . . equitable relief as the Court deems just and proper."). And, although Ames does not

specifically ask for equitable relief for her 42 U.S.C. § 2000d and 45 C.F.R. Part 80 claim, viewing the complaint in the light most favorable to Ames, the Court assumes she is seeking equitable relief for that claim. Therefore, the Court concludes it has jurisdiction over Ames's federal claim such that it will deny Defendants' motion to dismiss the 42 U.S.C. § 2000d and 45 C.F.R. Part 80 claim for lack of subject matter jurisdiction.

## IV. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### A. Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, the Federal Rules of Civil Procedure require a complaint contain a short and plain statement of the claim showing the pleader is entitled to relief. *Id*. at 245.

Rule 8(a) does not require "detailed factual allegations," but rather "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)), to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 255 U.S. 41, 47 (1957)). "Allegations have facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Tobey v. Jones*, 706 F.3d 379, 386 (4th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679).

In considering a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint and all reasonable inferences are liberally construed in the plaintiff's favor. *Mylan Labs, Inc.,* 7 F.3d at 1134. The Court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and

matters of which the Court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Although the Court must accept the plaintiff's factual allegations as true, any conclusory allegations, however, are unentitled to an assumption of truth, and even those allegations pled with factual support need to be accepted only to the extent "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

In sum, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption all the allegations in the complaint are true, even if doubtful in fact. *Twombly*, 550 U.S. 544, 555.

### B.     *Discussion and Analysis*

Defendants maintain the Court ought to grant their motion to dismiss for failure to state a claim because Ames has "not provided any plausible facts and [has] not alleged more than labels and conclusions to show discrimination by Defendants." Defendants' Memorandum at 8 (internal quotation marks omitted). According to Defendants, "[t]he factual allegations in the Complaint are not enough to raise a right to relief above the speculative level[ ]" inasmuch as Ames failed to "plead factual content that allows the court to draw the reasonable inference that [Defendants are] liable for the misconduct alleged." *Id*. (internal quotation marks omitted).

Ames agues, in effect, that she has alleged a plausible 42 U.S.C. § 2000d and 45 C.F.R. Part 80 claim such that the Court should deny Defendants' motion to dismiss her federal claim.

The Complaint contains the following allegations concerning that claim: "Defendants violated Decedent's civil rights." Complaint ¶ 54. "Defendants acted under the color of state law in so doing." *Id*. ¶ 55.

"The conduct of . . . Defendants, specifically including but not limited to . . . Dr. Campbell, Nurse Brantley, an employee of Defendant Prisma, Nurse Anderson, an employee of Defendant Prisma, Nurse Griffith, an employee of Defendant Prisma and John Doe Defendants

1-5, violated 42 U.S.C. § 2000d [and] 45 C.F.R. Part 80, and [Ames is] entitled to a judgment against Defendants for relief available for that violation, including actual and punitive damages, attorneys' fees and costs." *Id*. ¶ 56.

"Campbell, Brantley, Anderson, Griffith and certain John Doe Defendants[,] while in the employ of Defendant Prisma and/or Defendant Prisma Health Midlands Network, LLC[,] did not provide the appropriate standard of care to . . . Decedent due to her race, financial status, and/or insurance status and[,] as a result, her constitutional rights were violated[;] and Decedent was prescribed medications that are contraindicated when taken together and developed [Stevens-Johnson syndrome] and [Transcutaneous Electrical Nerve Stimulation] and life threatening injuries." *Id*. ¶ 57.

"Decedent was denied one of the oldest and important rules of healthcare for which all Defendants are supposed to have systemic safeguards in place–a proper medication reconciliation prior to discharge[.] . . . [I]nstead[,] [they] . . . hastily discharged . . . Decedent with medications that are not supposed to be taken together due to the potential for toxic reaction. Decedent did not receive the appropriate care and suffered tremendous pain and suffering prior to her death." *Id*.

"Defendants Prisma Health, Prisma Health Baptist Hospital, Palmetto Baptist Health Midlands Network, LLC and Jane Doe Defendants had a duty to [Ames] and Decedent to make certain effective policies, procedures, guidelines and rules were in place to make certain that Decedent's constitutional rights were not violated when she presented for healthcare to their doctors and at their facilities." *Id*. ¶ 58.

In reviewing the complaint, the Court has considered all well-pled allegations as true and construed all factual allegations in the light most favorable to Ames. *See Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) ("In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most

favorable to the plaintiff."). The Court has refrained, however, from accepting Ames's unsupported legal allegations and conclusions of discrimination couched as factual allegations in the complaint. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). (The Court is "not bound to accept as true a legal conclusion couched as a factual allegation.").

Afterwards, all that is left are a collection of bare-bones accusations of discrimination "devoid of any reference to actual discriminatory events." *Id*. *See United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979) (Dismissal was proper inasmuch as the plaintiffs' "conclusory allegations of discrimination were not supported by any reference to particular acts, practices, or policies of the [defendant].").

Further, it bears noting that, in Ames's response in opposition to this motion to dismiss, she fails to offer any argument as to whether she has any concrete allegations of discrimination under her Section 2000d claim. Instead, she rests her opposition on nothing more than the following broad-brush generalities:

> [Ames] alleges in [the] Complaint that Defendants failed [Decedent] in a number of ways including but not limited to failing to conduct a simple medication reconciliation which is standard in hospitals and that this was in part due to discrimination based on [her] race, and/or her perceived financial or insurance status. There is simply no acceptable explanation as to why [Decedent] left the hospital with contraindicated medications and medications that were not indicated for her healthcare which could not have been reconciled in accordance with the hospital medication administration, procedures and guidelines.
>
> No one wants to talk about the bias and discrimination in healthcare provided to minorities but we see it on a regular basis. [Decedent] and . . . Ames felt it and it caused severe and debilitating injuries to [Decedent] with immense pain and suffering and the need for month upon month of life saving care.

Response in Opposition at 2.

Having carefully considered Ames's complaint and her response to Defendants' motion to dismiss for failure to state a claim, the Court concludes she has failed to "plead[ ] factual content

that allows the [C]ourt to draw the reasonable inference that [Defendants are] liable for the misconduct alleged[ ]" under Section 2000d.  *Iqbal*, 556 U.S. at 679.  Accordingly, the Court will grant Defendants' motion to dismiss Ames's 42 U.S.C. § 2000d and 45 C.F.R. Part 80 claim because she has failed to state a claim.

### V.     MOTION TO REMAND

#### A.  *Standard of Review*

The Court may decline to exercise supplemental jurisdiction over a plaintiff's state law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367. And, the Court has "wide discretion" to do so. *Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 553 n.4 (4th Cir. 2006).

When determining whether to decline to exercise supplemental jurisdiction, the Court considers "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).

#### B.  *Discussion and Analysis*

Defendants assert that, if the Court dismisses Ames's federal claim, it should decline to exercise supplemental jurisdiction over her state claims and remand the matter to state court. Ames offers no response to this argument.

Here, there is no indication a decision by the Court declining to exercise its supplemental jurisdiction over the remaining state law claim would inconvenience or unfairly prejudice the parties, nor does it appear there are any underlying issues of federal policy or comity involved in these state law claims.  Additionally, the principles of judicial economy and efficiency suggest these state claims, which were originally filed in state court, should be decided there.

Therefore, the Court will decline to exercise supplemental jurisdiction over the state negligence/medical malpractice and survival claims and remand them to state court for adjudication there.

## VI.    CONCLUSION

In light of the foregoing discussion and analysis, Defendants' motion to dismiss for lack of jurisdiction is **DENIED** and their motions to dismiss for failure to state a claim and to remand are **GRANTED**. Consequently, this case is **REMANDED** to the Richland County Court of Common pleas for further proceedings.

**IT IS SO ORDERED**.

Signed this 18th day of May, 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE